**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-CIV-80005-BLOOM/Valle**

DEENA KLACKO, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

DIAMOND FOODS, INC., a California corporation,

Defendants.
___________________________________/

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement, ECF No. [44] (the "Motion for Preliminary Approval"), and Defendant's Agreed Motion to Stay and Abate Proceedings, ECF No. [47] (the "Motion to Stay"). The parties to this litigation have entered into a Stipulation of Class Action Settlement (the "Agreement") dated September 25, 2014, ECF No. [44-1] Exh. A, that, if approved, would resolve this putative class action. Plaintiff Deena Klacko filed the Motion for Preliminary Approval. Defendant Diamond Foods, Inc. ("Diamond Foods") does not oppose the Motion for Preliminary Approval and supports the Court's granting of preliminary approval of the Agreement.

The definitions in the Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meaning attributed to them in the Agreement.

The Court has read and considered the Motion for Preliminary Approval, the Agreement, and all exhibits thereto, including the proposed Class Notice and Claim Form, and finds there is sufficient basis for: (1) granting preliminary approval of the Agreement; (2) certifying the Settlement Class for settlement purposes; (3) appointing Plaintiff Deena Klacko, Dominika Surzyn, and Richard Hall as Class Representatives; (4) appointing Benjamin M. Lopatin, Esq. of The Law Offices of Howard

W. Rubinstein, P.A.; L. DeWayne Layfield, Esq. of the Law Office of L. DeWayne Layfield, PLLC; and Anthony Orshansky and Justin Kachadoorian of CounselOne, P.C, as Class Counsel; (5) directing that Class Notice be disseminated to the Settlement Class as provided by the Notice Plan; and (6) setting a Final Approval Hearing at which the Court will consider whether to grant final approval of the Agreement.

It is accordingly it is **ORDERED** and **ADJUDGED** as follows:

A. The Motion for Preliminary Approval is **GRANTED** as set forth herein. The Court further makes the following findings and orders:

1. The Court preliminary certifies, for settlement purposes only, the following settlement class (the "Settlement Class") pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All Persons who, for personal or household use, purchased Diamond Foods, Inc. Kettle Brand® Products[1] from January 3, 2010 through and including February 24, 2015. Excluded from the Settlement Class are: (a) all Persons who purchased or acquired Diamond Kettle Brand® products for resale; (b) Diamond Foods, Inc. and its employees, principals, affiliated entities, legal representatives, successors and assigns; (c) any Person who files a valid, timely Request for Exclusion; (d) federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof); and (e) the judges to whom the Kettle Actions are assigned and any members of their immediate families.

2. The Court approves Deena Klacko, Dominika Surzyn, and Richard Hall as Class Representatives.

3. The Court appoints the following to serve as Class Counsel: Benjamin M. Lopatin,

[1] Products means Diamond Foods Kettle Brand® products labeled as "All Natural," "Natural," "Naturally," "Made with All Natural Ingredients," "Natural Promise," or any other derivation of "natural," "nothing artificial," "no preservatives," "non-GMO," "non-GMO ingredients," "only natural colors and flavors," "natural flavors," "A Natural Obsession," "real food ingredients," "Reduced Fat," and/or "___% Less Fat."

Esq. of The Law Offices of Howard Rubinstein, P.A., One Embarcadero Center, Suite 500, San Francisco, CA 94111; L. DeWayne Layfield, Esq. of the Law Office of L. DeWayne Layfield, PLLC, P.O. Box 3829, Beaumont, TX 77704; and Anthony Orshansky and Justin Kachadoorian of CounselOne, P.C., 9301 Wilshire Boulevard, Suite 650, Beverly Hills, CA 90210. For purposes of these settlement approval proceedings, the Court finds that these lawyers are competent and capable of exercising their responsibilities as Class Counsel.

4. The Court finds, for purposes of settlement only, and conditioned upon the entry of this Order and the Final Judgment and Order Approving Settlement and upon the occurrence of the Effective Date, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class she seeks to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; (f) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over questions affecting any individual Settlement Class Member; (g) Diamond Foods has acted on grounds that apply generally to the Settlement Class, such that final injunctive relief is appropriate respecting the Settlement Class as a whole; and (h) a class settlement is superior to other available methods for a fair resolution of the controversy.

5. The Court preliminary approves the Agreement, finding that its terms appear

sufficient and fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the Settlement Class as provided by the Notice Plan. The Court finds that the Agreement contains no obvious deficiencies and that the parties entered into the Agreement in good faith, following arms-length negotiation between their respective counsel.

6. The Court approves, as to form and content, the Long-Form Notice and Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibit E. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Notice Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibit E. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

7. Diamond Foods shall cause notice to be disseminated pursuant to the Notice Plan within 80 calendar days of this Order or February 24, 2015 whichever is later.

8. As set forth in the Agreement, Diamond Foods shall pay for the notice and administration expenses up to a maximum of $300,000.00.

9. The Court authorizes and directs Diamond Foods to retain Kurtzman Carson Consultants as the Claims Administrator to implement the terms of the proposed Agreement, and authorizes and directs such Claims Administrator to (a) publish the Long-Form Notice and Publication Notice as provided by the Notice Plan; (b) establish the toll-free informational telephone number; (c) establish the Settlement Website; (d) receive and process Claims; and (e) carry out such other responsibilities as are provided for in the Agreement or may be agreed to by

the Parties in the Action.

10. At or before the Final Approval Hearing (defined below), the Claims Administrator shall provide the Court with a declaration showing that the Class Notice was disseminated in accordance with this Order and the Notice Plan.

11. A hearing on final approval of the Agreement, an award of attorneys' fees and expenses to Class Counsel, and incentive payments to Plaintiff (the "Final Approval Hearing") shall be held at on **July 17, 2015 at 9:00 a.m., before the undersigned in Courtroom 207A of the United States District Court for the Southern District of Florida, 299 East Broward Blvd., Fort Lauderdale, Florida 33301.** At the Final Approval Hearing, the Court will consider: (a) whether the Agreement should be finally approved as fair, reasonable, and adequate for the Settlement Class; (b) whether a judgment granting approval of the Agreement and dismissing the Action with prejudice should be entered; and (c) whether Class Counsel's application for attorneys' fees and expenses and an incentive award for Plaintiff should be granted.

12. Objections. Any Settlement Class Member who complies with the requirements of this Paragraph may object to any aspect of the proposed Agreement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the proposed Agreement must file with the Court, and serve on Class Counsel and Defendant's Counsel, at the addresses set forth below, a written statement of objection **no later than June 11, 2015** (the "Objection Deadline"). Such statement shall include (a) the name, address, telephone number and, if available, e-mail address of the Person objecting and, if represented by counsel, of his/her counsel; (b) specifically and in writing, all objections; (c) whether he/she intends to appear at the Final Approval Hearing, either with or without counsel; (d) a statement of his/her membership in the Settlement Class including all of the information required by the Claim

Form; and (e) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the Objection to this Settlement.

**Claims Administrator**
Kurtzman Carson Consultants
75 Rowland Way, Suite 250,
Novato, CA 94945

**Class Counsel**

Benjamin M. Lopatin, Esq.
The Law Offices of Howard W. Rubinstein, P.A.
One Embarcadero Center, Suite 500
San Francisco, CA 94111

L. DeWayne Layfield, Esq.
Law Office of L. DeWayne Layfield, PLLC
P.O. Box 3829
Beaumont, TX 77704

Anthony Orshansky, Esq.
Justin Kachadoorian, Esq.
CounselOne, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, CA 90210

Defendant's Counsel
Amanda L. Groves, Esq.
Sean D. Meenan, Esq.
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111

Joanna C. Wade, Esq.
Winston & Strawn LLP
100 North Tryon Street, 29th Floor
Charlotte, NC 28202

13. Any Settlement Class Member who does not timely file and serve a written objection pursuant to the terms hereof shall be deemed to have waived, and shall be foreclosed from thereafter raising, any objection to the Agreement. Any objection that is not timely made shall be barred. The filing of an objection allows Class Counsel or Defendant's Counsel to notice such objecting person for and take his or her deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself or herself available for a deposition or to comply with expedited discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard. The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

14. The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objection to the Agreement, in accordance with the due process rights of all Settlement Class Members.

15. Any Settlement Class Member who files and serves a timely written objection pursuant to the terms of this Order and complies with the requirements of this Paragraph may also appear at the Final Approval Hearing either in person or through counsel retained at the Settlement Class Member's expense. Settlement Class Members or their attorneys intending to appear at the Final Approval Hearing must serve on Class Counsel and Defendant's Counsel, and file with the Court, at the addresses specified in this Order, no later than 30 calendar days before the Final Approval Hearing, a notice of intention to appear, setting forth the case number, and the name,

address, telephone number, and, if available, email address of the Settlement Class Member (and, if applicable, the name, address, telephone number, and email address of the Settlement Class Member's attorney). Any Settlement Class Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this Order shall not be permitted to appear, except for good cause shown.

16. Exclusions.

a) Any Settlement Class Member may request to be excluded (or "opt out") from the Settlement Class. A Settlement Class Member who wishes to opt out of the Settlement Class must complete and mail to the Claims Administrator a Request for Exclusion that is postmarked **no later than June 11, 2015** (the "Opt-Out Deadline"). The Request for Exclusion must be personally signed by the Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Class. No person may opt-out of the Settlement Class any other person, or be opted-out by any other Person, and no Person shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. So-called "mass" or "class" opt-outs shall not be allowed.

b) Except for those Persons who have properly and timely submitted Requests for Exclusion, all Settlement Class Members will be bound by the Agreement and the Final Judgment and Order Approving Settlement, including the Release contained therein, regardless of whether they file a Claim or receive any monetary relief.

c) Any Settlement Class Member who properly requests to be excluded from the Settlement Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Agreement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Agreement.

17. Claims. The Claim Deadline shall be fourteen (14) calendar days following the Final Approval Hearing, or **August 1, 2015,** which is due, adequate, and sufficient time. All Claims must be submitted with a Claim Form and received by the Claims Administrator or postmarked by the Claims Deadline. The Claims Deadline shall be clearly set forth in the Class Notice, the Settlement Website, and on the Claim Form. Settlement Class Members who do not timely submit a signed, completed Claim Form in accordance with the procedures set forth in the Agreement shall not be eligible for an Award.

18. Supplemental Filing Deadlines.

a) The Motion for Final Approval of the Settlement and Certification of the Settlement Class, together with the supporting memorandum and papers, shall be filed no later than **February 20, 2015.**

b) Class Counsel's Motion for Attorneys' Fees, Expenses, and an Incentive Award, together with the supporting memorandum and papers, shall be filed no later than **February 20, 2015.**

c) The Parties may each file a supplemental brief no longer than twenty-five (25) pages in length to address any objections filed by Settlement Class Members. Said supplemental briefs shall be filed no later than seven (7) calendar days before the Final Approval Hearing.

19. If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next Court business day.

20. Stay of Litigation. Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Agreement and this Order, are hereby stayed.

21. Termination. In the event the Court does not grant final approval of the Settlement,

or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Agreement, or the Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

a) The Agreement and all orders and findings entered in connection with the Agreement and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding; and

b) The provisional certification of the Settlement Class pursuant to this Order shall be vacated automatically, the Action shall proceed as though the Settlement Class had never been provisionally certified pursuant to the Agreement, and provisional findings related to Rule 23 shall have no force or effect for the remainder of the Action.

22. This Order shall not be construed or used as an admission, concession, or declaration by or against Diamond Foods of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

23. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the Settlement Website referred to in the Class Notice, and the Parties shall not be required to re-send

or re-publish the Class Notice.

It is Further **ORDERED and ADJUDGED** that:

1. The above-styled action is administratively **CLOSED.** The Clerk shall **CLOSE** this case for statistical purposes.
2. Plaintiff may request that the Court administratively reopen the case when filing the Motion for Final Approval of the Settlement and Certification of the Settlement Class. Either party or any Settlement Class Member may request that the Court reopen the case as necessary.
3. The Agreed Motion to Stay or Abate Proceedings, ECF No. [47] is **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 30th day of October, 2014.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record