UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CIV-80005-BLOOM/Valle

DEENA KLACKO, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

DIAMOND FOODS, INC., a California
corporation,

    Defendants.
_____/

## FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT

**THIS CAUSE** came before the Court on the motions by Plaintiffs, Deena Klacko, Dominika Surzyn, and Richard Hall (collectively, the "Plaintiffs") for Final Approval of Class Action Settlement, ECF No. [51], and for Reasonable Attorney's Fees, Expenses, and Incentive Awards, ECF No. [52] (the "Motions").

On October 30, 2014, ECF No. [48], the Court granted preliminary approval to the Stipulation of Class Action Settlement, ECF No. [44-1] (the "Agreement").  The Court also provisionally certified a nationwide Settlement Class for settlement purposes, approved the procedure for giving notice and forms of notice, and set a final approval hearing to take place on July 17, 2015.

On July 17, 2015, the Court held a duly noticed Final Approval Hearing  to consider: (1) whether the terms and conditions of the Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Action with prejudice; and (3) whether and in what

amount to award Class Counsel as attorneys' fees and expenses and whether and in what amount to award incentive payments to the Class Representatives.  *See* ECF No. [70].

Based upon the submissions of the Parties and all matters submitted to it at the hearing and otherwise, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Agreement, including the definitions contained therein, is incorporated by reference into, and is a part of, this Final Judgment and Order Approving Settlement.  All capitalized terms used herein shall have the same meanings as set forth in the Agreement unless set forth differently herein.

2. The Court has personal jurisdiction over the Parties and the Settlement Class Members, and it has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and enter this Final Judgment and Order Approving Settlement.  Without in any way affecting the finality of this Final Judgment and Order Approving Settlement, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Final Judgment and Order Approving Settlement, and for any other necessary purpose.

3. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Judgment and Order Approving Settlement and upon the occurrence of the Effective Date, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable, if not impossible; (b) there are questions of law and fact common to the Settlement Class; (c) Deena Klacko ("Klacko"), Dominika Surzyn ("Surzyn"), and Richard Hall's ("Hall") claims are typical of the claims of the Settlement Class they seek to represent; (d) Klacko, Surzyn, and Hall have fairly and adequately represented, and will continue

to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) Diamond Foods, Inc. ("Diamond Foods") has acted on grounds that apply generally to the Settlement Class, such that final injunctive relief is appropriate respecting the Settlement Class as a whole; (g) a class settlement is superior to other available methods for a fair resolution of the controversy.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies, for settlement purposes only, a Settlement Class defined as:

> All Persons who, for personal or household use, purchased the Products in the United States from January 3, 2010 through and including the Notice Date. Excluded from the Settlement Class are: (a) all Persons who purchased or acquired the Products for resale; (b) Diamond Foods and its employees, principals, affiliated entities, legal representatives, successors, and assigns; (c) any Person who files a valid, timely Request for Exclusion; (d) federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof); and (e) the judges to whom the Kettle Actions are assigned and any members of their immediate families.

5. The Court reaffirms the appointment of Klacko, Surzyn, and Hall as Class Representatives, and finds that they have adequately represented the Settlement Class for purposes of entering into and implementing the Agreement. The Court reaffirms the appointment of Benjamin M. Lopatin, Esq. of The Law Offices of Howard Rubenstein, P.A., One Embarcadero Center, Suite 500, San Francisco, CA 94111; L. DeWayne Layfield, Esq. of the Law Office of L. DeWayne Layfield, PLLC, P.O. Box 3829, Beaumont, TX 77704; and Anthony J. Orshansky and Justin Kachadoorian of CounseOne, P.C., 9301 Wilshire Boulevard, Suite 650, Beverly Hills, CA 90210, as Class Counsel and finds that Class Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Agreement.

6. The Court finds that notice was given to Settlement Class Members pursuant to the Notice Plan and the Court's Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), and that said notice was the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The Settlement Class Members received notice of (a) the pendency of the Action; (b) the terms of the proposed Settlement, including the Release; (c) their rights under the proposed Settlement; (d) their right to exclude themselves from the Settlement Class and the proposed Settlement; (e) their right to object to any aspect of the proposed Settlement; (f) their right to appear at the Final Approval Hearing; (g) Class Counsel's request for attorneys' fees and expenses and an incentive award to the Class Representatives; and (h) the binding effect of this Final Judgment and Order Approving Settlement on all Persons who did not timely exclude themselves from the Settlement Class.

7. The Court finds that notice of the proposed Settlement was provided to the appropriate state and government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and government officials the requisite ninety (90) day time period to comment or object to the proposed Settlement before entering this Final Judgment and Order Approving Settlement and no such comments or objections were received.

8. The terms and provisions of the Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. The Court has considered all objections to the Settlement and overrules them as without merit. Accordingly, the Court hereby directs that the Settlement shall be effected in accordance with the terms of the Agreement (all of which terms and definitions are adopted and incorporated herein by reference).

9. The terms of the Agreement, and of this Final Judgment and Order Approving Settlement, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members whodid not timely exclude themselves from the Settlement Class, as well as their heirs, executors, and administrators, successors, and assigns.

10. Diamond Foods is ordered to implement the terms and conditions of the Agreement, including payment to all Settlement Class Members who have not excluded themselves from this Settlement and who submit a timely, valid Claim pursuant to the Agreement; and making the following changes with respect to the Products within one (1) calendar year after entry of this Final Judgment and Order Approving Settlement:

    a. Diamond Foods will provide its "Natural Promise" criteria to its ingredient suppliers and require those suppliers to verify that their ingredients comply with the "Natural Promise";

    b. Diamond Foods will create and maintain a database to track ingredients and ingredient supplier verifications;

    c. Diamond Foods will conduct audits of its ingredient suppliers at least annually to confirm their compliance with the "Natural Promise";

    d. For Products labeled "Reduced Fat" or "Less Fat," Diamond Foods will place the comparison statement at the location on the packaging where the "Reduced Fat" or "Less Fat" claim is most prominently displayed; and

    e. Diamond Foods will agree to employ reasonable efforts to obtain Non-GMO Project approval for Products that are practically eligible for Non-GMO Project consideration.

11. Diamond Foods will provide reports to the Court: (a) at the end of the six (6) month period following entry of this Final Judgment and Order Approving Settlement; and (b) one (1) calendar year following entry of this Final Judgment and Order Approving Settlement, regarding its compliance with the injunctive relief provisions contained in Paragraph 10 of this Final Judgment and Order Approving Settlement.

12. This Final Judgment and Order Approving Settlement does not preclude Diamond Foods from making further changes to any of its product labels or marketing that (a) Diamond Foods believes are reasonably necessary to comply with any statute, regulation, or other law of any kind; (b) that are necessitated by product changes and/or to ensure that Diamond Foods provides accurate product descriptions; or (c) that are more detailed than those required by the Agreement and Release and/or this Final Judgment and Order Approving Settlement.

13. Diamond Foods shall satisfy all valid Claims made, with a cap on cash payments to the Settlement Class of $2,750,000.00. If the total of Approved Claims exceeds $2,750,000.00, then the Claims Administrator shall calculate and pay a pro rata reduction of the amount due each Settlement Class Member, such that $2,750,000.00 will satisfy all Approved Claims.

14. Upon the occurrence of the Effective Date, Klacko, Surzyn, Hall, and the Settlement Class Members, and the Releasing Parties shall be deemed to have, and by operation of the Final Judgment and Order Approving Settlement shall have, provided Diamond Foods and the Released Parties with the Release set forth in Section IX of the Agreement. By this Final Judgment and Order Approving Settlement and upon the occurrence of the Effective Date, Plaintiff, the Settlement Class Members, and the Releasing Parties shall be deemed to have, and by operation of the Final Judgment and Order Approving Settlement shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims, which include:

>Any individual, class, representative, group or collective action, claim, liability, right, demand, suit, matter, obligation, damage, loss, action, or cause of action, of every kind and description that a Releasing Party has or may have, including assigned claims, whether known or Unknown, asserted or un-asserted, latent or patent, that is, has been, could reasonably have been or in the future
>
>might reasonably be asserted under any body of law by the Releasing Party either in a court or any other judicial or other forum, regardless of legal theory or relief claimed, and regardless of the type of relief or amount of damages claimed, against any of the Released Parties arising from, or in any way relating to Labeling, sales, marketing, or advertising, regardless of medium, of any of the Products, including but not limited to any claim that the Labeling is false or misleading in any way.  For purposes of this Agreement, the term "Unknown Claim" means any all Released Claims that any member of the Settlement Class, or anyone acting on behalf of or in their interest, does not know or suspect to exist against any of the Released Parties which, if known, might have affected his or her decision regarding the settlement of the Action.  Notwithstanding the provisions of this paragraph or of any other paragraph in this Agreement, this Agreement shall not be deemed to release any claim that a Releasing Party has or may have for personal injury.

15. Pursuant to Fed. R. Civ. P. 23(h), the Court awards Class Counsel attorneys' fees in the amount of $775,000.00 and administration expenses of $300,000.00 to be paid by Diamond Foods (and deducted from the Common Fund described in the Agreement) within 5 calendar days of the later of (a) entry of an order of dismissal in the Surzyn Action; or (b) entry of an order of dismissal in the Hall Action.

16. The Court finds and determines that an incentive award of $7,500.00 is due and payable to Klacko, Surzyn, and Hall for their services and efforts in the representation of the Settlement Class, which shall be payable by Diamond Foods (and deducted from the Common Fund described in the Agreement) within thirty (30) days of the Effective Date.

17. Neither this Final Judgment and Order Approving Settlement, nor the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of, the

validity of any Released Claims, or of any wrongdoing or liability of Diamond Foods or any other Released Party; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Diamond Foods or any other Released Part in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  However, any Released Party may file the Agreement and/or the Final Judgment and Order Approving Settlement in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. This Action (and any and all claims asserted herein at any time) is dismissed in its entirety, on the merits, with prejudice and without leave to amend, with each Party to bear his/her/its own costs and attorneys' fees (except as otherwise expressly provided herein), and all Settlement Class Members who did not timely and properly execute and submit a Request for Exclusion shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigating, or receiving any benefits or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims except claims relating to the enforcement of the Settlement of the Action.

19. In the event that the Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and this Final Judgment and Order Approving Settlement, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of July, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record